# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY TERRELL HOWARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ST. LOUIS COUNTY JUSTICE CENTER ) <br> and MORRIS LEWIS, ) <br> ) <br> Defendants. ) | No. 4:17-CV-2577 ACL |

## MEMORANDUM AND ORDER

Plaintiff Larry Terrell Howard, a prisoner at Farmington Correctional Center, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $17.17, which is twenty percent of his average monthly deposits. *See* 28 U.S.C. § 1915(b). Based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this civil rights complaint against defendants St. Louis County Justice Center and Correctional Officer Morris Lewis. Plaintiff states that on a date between January 3, 2000 and March 31, 2000, defendant Lewis approached him in the visiting booth of the St. Louis County Justice Center. Plaintiff states that defendant Lewis "stuck his hand out and down my prisoner shirt touching my chest area, asking me was I alright, and how I was doing. Afterwards, he stated 'God bless you young man.'" Plaintiff states that this conduct has caused him to be paranoid, emotionally damaged, and stressed. For relief, plaintiff seeks a monetary award of $650,000.

## Discussion

Section 1983 claims are analogous to personal injury clams and are subject to Missouri's five-year statute of limitations. *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (finding § 1983 claims subject to Missouri's five-year statute of limitations for personal injury claims); *see also* Mo. Rev. Stat. § 516.120(4). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam).

2

Plaintiff complains of inappropriate contact with a correctional officer that occurred on a date between January 3, 2000 and March 31, 2000—more than seventeen years ago. To survive the statute of limitations, plaintiff would have had to file this § 1983 claim, at the latest, by March 31, 2005. Plaintiff filed this action on October 13, 2017. The Court will dismiss plaintiff's complaint as frivolous based on the expiration of the statute of limitations. *See Myers*, 960 F.2d at 751; 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $17.17 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

---

[1] Prisoners must pay the full amount of the $400 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

An Order of Dismissal will accompany this Memorandum and Order.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2017.